UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

United States of America,

Plaintiff

v.

Tyson J. Houston,

Defendant

Case No. 2:26-cr-00028-CDS-BNW

**Order Denying as Moot Defendant's Motions to Appear Remotely and Striking Supplemental Notice**

[ECF Nos. 7, 25, 27, 34]

Defendant Tyson Houston moved to appear remotely at the March 13, 2026 motion hearing. ECF No. 25. Because the court held the hearing on that day, and Houston did not appear, his motion is moot. ECF No. 26. Houston also seeks leave to appear remotely for the April 14, 2026 calendar call. ECF No. 27. Because an arraignment is scheduled for April 8, 2026, the calendar call and trial will be reset, rendering Houston's motion moot.

Further, on April 1, 2026, Houston filed a supplement (ECF No. 34) to his previously filed motion to dismiss (ECF No. 16).[1] "A party may not file supplemental pleadings, briefs, authorities, or evidence without leave of court granted for good cause." LR 7-2(g). Good cause usually exists if "there is a showing that the party seeking good cause was reasonably diligent." *Mallia v. Drybar Holdings*, LLC, 2020 WL 1250817, at *4 (D. Nev. Mar. 16, 2020). Consequently, I strike the improperly filed supplemental notice without prejudice, and likewise strike the duplicate filing at ECF No. 32. To the extent Houston seeks to supplement his motion to dismiss, he may file a motion seeking permission to do so, that addresses the good cause standard.

---

[1] Houston originally filed a motion to dismiss in the magistrate case. ECF No. 7 in 2:26-mj-00075-BNW. After Houston was charged with a Class A misdemeanor, he elected to proceed to a jury trial before a district judge. ECF Nos. 20, 21. Houston's motion was subsequently refiled in the district court case, ECF No. 16 in 2:26-cr-00028-CDS-BNW, rendering his original motion moot.

Houston is advised that he is required to be familiar with, and to follow, all rules of this court. *See United States v. Flewitt*, 874 F.2d 669, 675 (9th Cir. 1989) (stating that pro se litigants are subject to the same good-faith limitations imposed on lawyers, as officers of the court); *Carter v. Comm'r*, 784 F.2d 1006, 1008 (9th Cir. 1986) ("Although pro se, [plaintiff] is expected to abide by the rules of the court in which he litigates."). The local rules are available at https://www.nvd.uscourts.gov/wp-content/uploads/2020/04/Local-Rules-of-Practice-Amended-2020.pdf.

<strong>Conclusion</strong>

It is hereby ordered that the defendant's motion to dismiss and motions for leave to appear remotely **[ECF Nos. 7, 25, 27] are DENIED as moot**.

It is further ordered that the defendant's supplemental notice **[ECF No. 32, 34] is STRICKEN**.

Dated: April 6, 2026

_____
Cristina D. Silva
United States District Judge

2